# CHARLESTON

## SHORT v. SHORT.

### Submitted June 10, 1914.  Decided June 30, 1914.

JUSTICES OF THE PEACE—*Jurisdiction—Amount in Controversy.*

In a proceeding under sec. 152 of ch. 50 of the Code, by a claimant of property seized under an execution against another person, the matter in controversy is the amount of the judgment on which the execution issued, not the value of the property, and a justice may hear and determine the issue, though the value of the property exceeds $300.00.

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Cabell County.

Action by Glum Short and others against Daniel Short and others. Judgment for defendants, and plaintiffs bring error.

*Reversed and Remanded.*

*Doolittle, Copen & Davis,* for plaintiffs in error.

*T. J. Bryan,* for defendants in error.

POFFENBARGER, JUDGE:

This writ of error is to a judgment of a Circuit Court, setting aside and declaring null and void the judgment of a Justice of the peace, upon the theory of a want of jurisdiction in the justice, because the amount in controversy exceeded $300.00. The judgment so annulled was rendered in a proceeding under section 152 of chapter 50 of the Code, providing a remedy by a claimant of property levied upon by an officer under an execution, for trial of the right of property. Though the record does not show the judgment on which the execution was issued nor the execution itself, it seems to be agreed the judgment was for $160.00, in favor of Allen Pitman and against William and Daniel Short. The execution thereon was levied upon about 3500 pounds of tobacco as the property of the defendants. After the levy thereof, Clum Short, Herman Short, Irvin Short and Sarah Short, claiming to be the owners of the property, filed their petition under said statute, before a justice other than the one by whom the judgment had been rendered. Proper parties were made and, upon the hearing, the justice found the property to be that of the petitioners and rendered judgment accordingly, ascertaining its value to be $318.50. Pitman, the execution creditor, appealed, but, assuming want of jurisdiction in the justice, subsequently moved the Circuit Court, on that ground, to dismiss the appeal, and, upon this motion the court annulled the judgment.

In the legal sense of the term, the matter in controversy was the amount of the execution, not the value of the property upon which it has been levied, for the claimants could have released their property by payment of that amount, under protest, and afterwards recover it from the officer or the execution creditor. If the sheriff or constable takes property of one person under an execution against another, he is guilty of a trespass, violates the law, breaks the condition of his bond and is liable to the person injured. *Lucas* v. *Locke,* 11 W. Va. 81; *Mosby* v. *Mosby,* 9 Gratt. 584; *Davis* v. *Commonwealth,* 13 Gratt. 139, 144; *Sangster* v. *Commonwealth,* 17 Gratt. 124; *Moore* v. *Downey,* 3 Hen. & M. 127. If, in such case, the person whose property is wrongfully seized gives

notice of his claim of title and pays the amount of the execution, under protest, in order to relieve it from seizure and prevent sale thereof, he may recover the amount so paid from the officer. *W. Va. Transportation Co.* v. *Sweetzer,* 25 W. Va. 434, in which the court, through Judge GREEN delivering the opinion, says: "All the authorities for instance agree, that, when the goods of the party making the payment have been illegally seized or are wrongfully detained, and to obtain possession of his goods the owner pays an unjust demand made upon him by the party holding his goods, the money so paid may be recovered back as paid upon compulsion, though such seizure or detention of his goods is not duress of him." At the common law, such was the procedure. A claimant of the property was bound either to let it be sold and sue for its value or pay the debt under protest and sue for the money. This involves hardship to all the parties including the officer, and, in order to relieve it statutes were enacted, providing other means of determining the rights of the parties.

Now the officer may release the property, upon demand, if the execution creditor refuses to give him an indemnifying bond. If such bond be given and is properly returned, there is no liability upon the officer for selling the property, for a right of action against the creditor and his sureties is given upon the bond. Nor need the claimant of the property now permit it to be sold or pay the debt. In lieu thereof, he may file his petition in a proceeding for determination of his right to the property. These provisions of the statute, made to relieve from the hardships imposed by the common law, do not destroy the common law rights. They are obviously cumulative. In view of these rights, common law and statutory, it is plain that the matter in controversy is not the property but the debt.

The judgment is therefore clearly erroneous and will be reversed and case remanded.

*Reversed and Remanded.*